IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOSE GUTIERREZ HURTADO, (# 78117297), | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-179-P-BL |
| GEO GROUP, Inc. *et al*, | § § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

## **REPORT AND RECOMMENDATION**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.

Plaintiff Jose Gutierrez Hurtado, acting *pro se*, filed a civil complaint to initiate this action in September 2015 in the Dallas division of this Court. After the case was transferred to this division and given the above case number, Plaintiff filed a Notice of Change of Address on October 14, 2015, listing as his new address the Rolling Plains Detention Center in Haskell, Texas. Then, by Order dated October 15, 2015, this Court denied Plaintiff's motion for the appointment of counsel. The envelope containing Petitioner's copy of that order was returned to the Clerk of Court on November 20, 2015, stamped "Return to Sender-No Longer at Rolling Plains Regional Detention Center." But Plaintiff Hurtado has not further updated his address of record with the Court. The address of record at this date is still the Rolling Plains Detention Center address.

Under the local civil rules of this Court, Plaintiff is obligated to keep the Court apprised of his current address. *See* N.D. TEX. CIV. R. 1.1(c)(2), 83.13 & 83.14. The Court has twice issued a document entitled "Instructions to a Prisoner *Pro Se* Plaintiff," which included the notice: "Address change - You must notify the Court if your address changes, or your case may be dismissed.

Promptly file a written notice of address in your case." (docs. 2 and 11.)

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff Hurtado has failed to keep the Court apprised of his current address as required by the local rules, *see* N. D. Tex. Civ. R. 83.13 and 83.14, and in direct conflict with the instructions provided to him, it appears that he no longer desires to pursue his claims in this cause, such that the case should be dismissal for want of prosecution.

## RECOMMENDATION

For the forgoing reasons, it is **RECOMMENDED** that Civil Action No. 1:15-CV-179-P(BL) be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

January 20, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE